UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AARON TAYLOR,

                Plaintiff.

vs.                                              Case No.

THE WILLOWS ON TWIN PONDS
CONDOMINIUMS-PHASE 1,

        a Michigan nonprofit corporation,

            and

LINDA G. CARL,                      Hon. _____

        an individual,

                Defendants.

_____/

Francyne Stacey (P33225)
STACEY LAW PRACTICE, PLLC
455 E. Eisenhower Pkwy, Suite 300
Ann Arbor, MI 48108
(734) 821-8088
francyne@staceylawpractice.com
_____

**PLAINTIFF'S COMPLAINT and JURY DEMAND**

     NOW COMES Plaintiff, Aaron Taylor, by and through his attorneys,

Stacey Law Practice, PLLC., and for his Complaint states as follows:

## I.      GENERAL ALLEGATIONS

1.    Plaintiff, Aaron Taylor ("Taylor") is a resident of Jackson County, Michigan.

2.      Defendant, Willows on Twin Ponds Condominiums – Phase 1 ("Willows"), is a Michigan nonprofit corporation located in Napoleon, Jackson County, Michigan.

3.      Defendant, Linda G. Carl ("Carl"), is a resident of Jackson County, Michigan and is the resident agent for Willows.

4.      Willows was incorporated on August 9, 2004, by Defendant, Linda G. Carl and C. Donovan Carl.

4.      This cause of action arises under the Federal Fair Housing Act of 1988 ("FFHA), 42 U.S.C. 3601 et seq. and the Michigan Elliott Larsen Civil Rights Act, M.C.L.A. ("ELRCA"), 37.2101 et seq.

5.      The FFHA prohibits  refusing to rent, refusing to negotiate for the rental of, or otherwise making unavailable or denying a dwelling to any person because of familial status or sex.  42 U.S.C. 3604(a).

6.      The FFHA prohibits discrimination against any person in the terms, conditions, or privileges of rental of a dwelling, or in the provision of services or facilities in connection therewith, because of familial status or sex.  42 U.S.C. 3604(b).

7.      The FFHA prohibits the making, printing or publishing of any notice or statement with respect to a rental of a dwelling that indicates any preference, limitation, or discrimination based on familial status or sex or an intention to make any such preference, limitation, or discrimination.  42 U.S.C. 3604(c).

8.      The FFHA prohibits representing to any person because of familial status or sex that any dwelling is not available for inspection, sale, or rental when such dwelling is in fact available.  42 U.S.C. 3604(d).

9.      The ELRCA prohibits discrimination in housing based on familial status; MCLA 37.2502(1).

10.     The ELRCA prohibits discrimination in housing based on sex; MCLA 37.2502(1).

11.     This Court has jurisdiction of this action pursuant to FFHA, 42 U.S.C. 3613 and as a federal question pursuant to 28 U.S.C. 1331.

12.     This Court has supplemental jurisdiction of Taylor's ELCRA claim.

13.     Taylor's Complaint is timely filed.

14.     Venue is appropriate in this Court because Defendants reside and do business in Jackson County, Michigan.

## II.   FACTUAL ALLEGATIONS

15.    Taylor currently lives with his fiancé, daughter, and son in Jackson, County, Michigan.

16.    On January 17, 2022, Taylor's fiancé stopped by Defendant Willows' office and asked its agent, Carolyn, about vacancies.

17.    Willows' agent told Taylor's fiancé that a 2-bedroom apartment would be available as early as that coming weekend.

18.    Willows' agent then obtained Taylors' fiance's contact information and asked about smoking, pets, and family.

19.    Taylor's fiancé told Willows' agent they were not smokers, did not have pets and had two children, a boy and girl, who, at that time, were 14 and 15 years old.

20.    Upon hearing about the children, Willows' agent told Taylor's fiancé that Willows could not rent them a two-bedroom apartment because opposite sex children could not share a bedroom.

21.    On January 18, 2022, Taylor contacted the Fair Housing Center of Southeast & Mid Michigan ("the Center") for assistance.

22.     After receiving Taylor's intake information, Emily Swisher, an employee of the Center, contacted Willows' agent who reiterated that Willows would  not rent to Taylor and his family because opposite sex children could not share a room.  She added that "people talk around here".

23.     On January 27, 2022, a tester from the Center contacted Willows' agent stating that she had a family of four and was interested in renting a two-bedroom apartment.

24.     Willow's agent told the tester there were no two-bedroom apartments available at that time but offered to put the tester on a waiting list.

25.     Upon learning, however, that these potential renters had a minor son and daughter, Willows' agent told the tester that Willows would not rent them a two-bedroom apartment because it did not allow boys and girls to share a bedroom, and, further, there was a law against doing that.  Willows' agent went on tell the tester that the family needed a three-bedroom apartment which Willows did not have.

26.      On February 10, 2022, another tester from the Center, posing as half of a married couple with no children, spoke with Willows' agent who told the tester that a two- bedroom apartment would be available soon.

27.    On February 14, 2022, Willows' agent and the tester spoke again.  This time the agent told the tester that someone else was interested in the two-bedroom and, therefore, the tester and her husband needed to meet with her as soon as possible.

28.    On February 17, 2022, the Center contacted Willows' agent to determine if Willows was interested in resolving the matter that is the subject of this Complaint, i.e., the refusal of Willows to rent to Taylor because they would not allow opposite sex children to share a bedroom.  The Center proposed a conciliation agreement. The agent agreed to meet with Taylor (stating "she wouldn't slam the door on him") but again stated that Willows did not like to put boys and girls in the same bedroom; they needed separate rooms.  The agent went on to state that if she had a 2- bedroom apartment available and the family qualified, she would consider renting to them but only if they completed an application and she, the agent,  confirmed with legal counsel that it was legal for children of the opposite sex to share a bedroom.

## **COUNT 1 – VIOLATION OF THE FFHA – FAMILIAL STATUS**

29.    Taylor incorporates by reference paragraphs 1-28 above.

30.    Taylor is a person as defined in the FFHA, 42 USC 3602(d).

31.    Taylor is an individual who falls within the class of people protected by the FFHA.

32.     The FFHA prohibits  refusing to rent, refusing to negotiate for the rental of, or otherwise making unavailable or denying a dwelling to any person because of familial status.

33.     The FFHA prohibits discrimination against any person in the terms, conditions, or privileges of rental of a dwelling, or in the provision of services or facilities in connection therewith, because of familial status.

34.     The FFHA prohibits the making, printing, or publishing of any notice or statement with respect to a rental of a dwelling that indicates any preference, limitation, or discrimination based on familial status or an intention to make any such preference, limitation, or discrimination.

35.     The FFHA prohibits representing to any person because of familial status that any dwelling is not available for inspection, sale, or rental when such dwelling is in fact so available.

36.     Willows or Carl or both violated the FFHA based on familial status when they:

    a.  Refused to rent to Taylor;

    b.  Refused to negotiate to rent to Taylor;

    c.  Otherwise made housing unavailable to Taylor;

d.  Falsely denied that housing was available for rental when it was;

e.  Set forth terms, conditions or privileges for rental to Taylor that were different than those for families with same sex children or no children;

f.  Published a preference or limitation on renting to families with opposite sex children; and,

g.  Discouraged Taylor from renting.

37.    As a direct and proximate result of the discriminatory actions taken by Willow and Carl, Taylor suffered economic and non-economic injuries.

## COUNT 11 – VIOLATION OF THE FFHA – SEX OR GENDER

38.    Taylor incorporates by reference paragraphs 1-37 above.

39.    Taylor is a person as defined in the FFHA, 42 USC 3602(d).

40.    Taylor is an individual who falls within the class of people protected by the FFHA.

41.    The FFHA prohibits  refusing to rent, refusing to negotiate for the rental of, or otherwise making unavailable or denying a dwelling to any person because of sex.

42.     The FFHA prohibits discrimination against any person in the terms, conditions, or privileges of rental of a dwelling, or in the provision of services or facilities in connection therewith, because of sex.

43.     The FFHA prohibits the making, printing, or publishing of any notice or statement with respect to a rental of a dwelling that indicates any preference, limitation, or discrimination based on sex or an intention to make any such preference, limitation, or discrimination.

44.     The FFHA prohibits representing to any person because of sex that any dwelling is not available for inspection, sale, or rental when such dwelling is in fact so available.

45.     Willows or Carl or both violated the FFHA based on sex when they:

    a.  Refused to rent to Taylor;

    b.  Refused to negotiate to rent to Taylor;

    c.  Otherwise made housing unavailable to Taylor;

    d.  Falsely denied that housing was available for rental when it was;

    e.   Set forth terms, conditions or privileges for rental to Taylor that were different than those for families with same sex children;

f.  Published a preference or limitation for renting only to families with same sex children or no children; and,

g.  Discouraged Taylor from renting.

46.    As a direct and proximate result of the discriminatory actions taken by Willow and Carl, Taylor suffered economic and non-economic injuries.

## COUNT III– VIOLATION OF THE ELRCA – FAMILIAL STATUS

47.    Taylor incorporates by reference paragraphs 1-46 above.

48.    Taylor is a member of a class protected under the ELCRA.

49.    Section 37.2501 of the ELCRA  prohibits discrimination in housing on the basis of familial status.

50.    Willows is an entity engaging in real estate transactions and, as such,  is prohibited from refusing to engage in a real estate transaction, discriminating against a person in the terms, conditions, or privileges of a real estate transaction, representing to a person that a property is not available for rent when it is and refusing to negotiate with a person for a real estate transaction because of that person's familial status.

51.     Willows violated the ELCRA when it refused to rent an apartment to Taylor because of familial status.

52.     As a consequence of Willows' conduct and actions, Taylor has suffered economic and non-economic damages.

## COUNT IV – VIOLATION OF THE ELRCA – SEX

53.     Taylor incorporates by reference paragraphs 1-52 above.

54.     **Taylor** is a member of a class protected under the ELCRA.

55.     Section 37.2501 of the ELCRA  prohibits discrimination in housing on the basis of sex.

56.     Willows is an entity engaging in real estate transactions and, as such,  is prohibited from refusing to engage in a real estate transaction, discriminating against a person in the terms,  conditions, or privileges of a real estate transaction, representing to a person that a property is not available for rent when it is and refusing to negotiate with a person for a real estate transaction because of sex.

57.     Willows violated the ELCRA when it refused to rent an apartment to Taylor because he had opposite sex children and Willows would not allow them to share a bedroom.

58.      As a consequence of Willows' conduct and actions, Taylor has suffered economic and non-economic damages.

WHEREFORE, for all of the above reasons, Taylor requests the following relief:

1. Entry of a declaratory judgment stating that Willows' or Carl's actions or both against Taylor constituted discrimination under the FFHA.

2. Entry of a declaratory judgment stating that Willows' actions against Taylor constituted discrimination under the ELCRA.

3.  Preliminarily and permanently enjoin Willows and Carl from engaging in further discrimination on the basis of familial status, sex or gender.

4. Order Willows, Carl and its and their owners, managers, agents, representatives, and employees to undergo fair housing training, monitoring, and reporting.

5. Award Taylor actual and compensatory damages to compensate him for his economic and non-economic injuries.

6. Grant Taylor an award of punitive and/or exemplary damages because of Willows' and Carl's intentional, deliberate, overt, willful, and flagrant discrimination against Taylor.

7. Grant Taylor an award of attorney fees, costs, and pre- and post-judgment interest incurred in bringing this action.

8.  Grant such other relief to Taylor as the Court finds just and appropriate

under the circumstances.

Respectfully submitted,

STACEY LAW PRACTICE

Dated:   April 29, 2022                     BY:   /s/Francyne B. Stacey
                                                  Attorney for Plaintiff

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AARON TAYLOR,

          Plaintiff.

vs.                                   Case No.

THE WILLOWS ON TWIN PONDS
CONDOMINIUMS-PHASE 1,

     a Michigan nonprofit corporation,

          and

LINDA G. CARL,                      Hon. _____

     an individual,

          Defendants.

_____/

Francyne Stacey (P33225)
STACEY LAW PRACTICE, PLLC
455 E. Eisenhower Pkwy, Suite 300
Ann Arbor, MI 48108
(734) 821-8088
francyne@staceylawpractice.com
_____

**JURY DEMAND**

    Plaintiff demands a trial by jury.

Dated:   April 29, 2022         BY:   /s/Francyne B. Stacey
                                         Attorney for Plaintiff